UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REYNALDO GUERRERO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-3977 |
| | § | (JURY) |
| GELCO FLEET TRUST, | § | |
| | § | |
| *Defendant*. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

COMES NOW, REYNALDO GUERRERO, PLAINTIFF, and files this Plaintiff's Original Complaint, complaining of and against GELCO FLEET TRUST, DEFENDANT, and for cause of action would respectfully show unto this Honorable Court and Jury the following:

I. PARTIES

1. REYNALDO GUERRERO, PLAINTIFF, is an individual living in Harris County, Texas.

2. GELCO FLEET TRUST, DEFENDANT, is a foreign business trust with its principal place of business in Minnesota. It may be served with process through its registered agent in the State of Texas, Corporate Service Company d/b/a

CSC-Lawyers Incorporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## II. JURISDICTION

3. This Court has jurisdiction over the above-styled cause because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.

## III. VENUE

4. Venue is proper in this cause in the Southern District of Texas because all or substantial part of the events which gave rise to this cause of action occurred in the Southern District of Texas.  28 U.S.C. § 1391(a)(2).

## IV. FACTS

5. On or about November 12, 2021, Plaintiff Reynaldo Guerrero ("Plaintiff") drove a motor vehicle in Harris County, Texas, specifically upon the Sam Houston Tollway.

6. Juan Antonio Gallardo Prieto ("Prieto") drove a motor vehicle in Harris County, Texas, specifically upon the Sam Houston Tollway.

7. At all operative times, Prieto was an agent of the Gelco Fleet Trust ("Gelco"), operating the motor vehicle in the course and scope of his agency for Gelco.

8. At all operative times, Prieto was an employee of Gelco, operating the motor vehicle in the course and scope of his agency for Gelco.

9. Gelco's vehicle in question, which Prieto operated, was specifically a Ford F250 with license plate number LKK4868 and vehicle identification number 1FT7W2B60KEC62956.

10. Prieto operated Gelco's vehicle traveling westward.

11. Prieto operated Gelco's vehicle in the leftmost lane of traffic.

12. This is commonly known as "the fast lane."

13. There was an inside improved shoulder to the left on this leftmost lane.

14. Prieto brought Gelco's vehicle to slower rates of speed upon this leftmost lane.

15. Prieto brought Gelco's vehicle to a complete stop on this leftmost lane.

16. Prieto did not move Gelco's vehicle onto the shoulder lane.

17. Prieto could move Gelco's vehicle onto the shoulder lane, but did not.

18. Plaintiff vehicle could not stop in time.

19. Plaintiff attempted to swerve out of the way, but the front-left of his vehicle struck the bottom-right of Gelco's vehicle.

20. Plaintiff's vehicle then spun-out.

21. Plaintiff's vehicle turned clockwise.

22. Plaintiff's vehicle traveled backward approximately 45 feet.

23. Plaintiff's vehicle spun across four lanes of traffic and across the outside improved shoulder lane.

24. Plaintiff's vehicle then struck the outside "jersey barrier."

25. Plaintiff's vehicle came to rest, facing oncoming traffic, half in the outside improved shoulder and half in the rightmost lane.

26. Plaintiff's vehicle, at that time, was "crushed."

27. Plaintiff's leg, at that time, was struck.

28. The Houston Fire Department ("HFD") responded to the crash.

29. HFD was compelled to use "the jaws of life" upon Plaintiff's vehicle, to extract Plaintiff.

30. Plaintiff had a broken leg and other extremely grievous injuries.

31. Plaintiff was transported via ambulance to Memorial Hermann Hospital.

32. Plaintiff spent the next three weeks hospitalized.

33. Plaintiff suffered through multiple surgeries.

34. Plaintiff suffered through a skin grafting.

35. Deputy Angel Garcia of the Harris County Constable's Office reported to the scene of the crash.

36. Deputy Garcia squarely leveled blame upon the driver of Gelco's vehicle.

37. Deputy Garcia stated Prieto "stated the vehicle he was operating broke down[.]"

38. Deputy Garcia stated Prieto stated he "attempted to turn the engine [of the vehicle] back on while the vehicle was slow rolling."

39. Deputy Garcia faulted Prieto for leaving Gelco's vehicle on the "fast lane" rather than "quickly moving it to the improved inside shoulder which was next to him[.]"

40. As a direct and proximate result of Defendant Gelco's tortious acts and omissions, Plaintiff suffered severe injuries.

## V. CAUSES OF ACTION

### *TEXAS COMMON LAW NEGLIGENCE*

41. The occurrence made the basis of this lawsuit resulted from the improper conduct of Gelco's driver, which proximately caused the injuries and damages to Plaintiff. Defendant Gelco, through its driver, owed Plaintiff a duty to conduct itself as a person of ordinary prudence would have in similar circumstances. Defendant Gelco, through its driver, operated the vehicle it was driving in a negligent, reckless manner, and breached the duties owed to Plaintiff when it, through its driver, among other negligence conduct:

    a. Failed to maintain a proper lookout;

    b. Failed to steer to avoid collision;

    c.    Driver inattentiveness;

    d.    Driving in a negligent and unsafe manner;

    e.    Failed to exercise due to care and diligence in operation of Defendant's vehicle;

    f.    Failed to follow and abide by the traffic laws of the State of Texas;

    g.    Failed to obey traffic signals; and

    h.    Failed to act as a person of ordinary prudence would have in a similar situation.

42. Each of these acts and/or omissions above, whether taken singularly or in any combination, constitutes negligence. Defendant Gelco's negligence proximately caused injuries and other losses as specifically set forth herein, all of which Plaintiff has suffered and which Plaintiff will continue to suffer in the future, and for the remainder of Plaintiff's natural life.

43. Prieto committed all pertinent acts and omissions in the course and scope of his agency and his employment for Gelco. Accordingly, the doctrine of *respondeat superior* applies and Gelco is vicariously liable for Prieto's negligence.

*TEXAS NEGLIGENCE PER SE*

44. Defendant Gelco, through its driver, also committed negligence per se by coming to a complete stop on the highway. "An operator may not stop, park, or leave standing an attended or unattended vehicle on the main traveled part of a highway outside a business or residential district unless: (1) stopping, parking, or leaving the vehicle off the main traveled part of the highway is not practicable[.]" TEX. TRANSP. CODE § 545.301(a)(1). Plaintiff is in the class of people meant to be protected by this law. The harm resulting is the type of harm meant to be prevented by this law. And Defendant Gelco, through its driver, violated this law.

45. Prieto committed all pertinent acts and omissions in the course and scope of his agency and his employment for Gelco. Accordingly, the doctrine of *respondeat superior* applies and Gelco is vicariously liable for Prieto's negligence per se.

## TEXAS COMMON LAW GROSS NEGLIGENCE

46. Plaintiff would further show that Defendant Gelco's conduct, through its driver, when viewed objectively from the standpoint of Defendant Gelco at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Further, Defendant Gelco, through its driver, had actual, subjective awareness of the risks involved, but nevertheless preceded with conscious indifference to the rights, safety or welfare of others,

including the Plaintiff. Accordingly, Plaintiff is entitled to recover exemplary or punitive damages in addition to actual damages.

47. Prieto committed all pertinent acts and omissions in the course and scope of his agency and his employment for Gelco. Accordingly, the doctrine of *respondeat superior* applies and Gelco is vicariously liable for Prieto's gross negligence.

## VI. DAMAGES

48. As a result of the occurrence that forms the basis of this lawsuit, as stated above, and as a direct and proximate result of Defendant Gelco's wrongful acts, Plaintiff suffered serious injuries, will likely sustain additional serious damages in the future, and is entitled to recover:

    a.    mental anguish;

    b.    physical pain;

    c.    physical suffering;

    d.    emotional pain;

    e.    loss of consortium;

    f.    disfigurement;

    g.    physical impairment;

    h.    loss of enjoyment of life;

    i.    injury to reputation;

j. all other nonpecuniary damages as may be supplemented;

k. past medical bills and expenses incurred as a proximate result of the occurrence made the basis of this suit;

l. loss of income and wages;

m. loss of earning potential;

n. loss of household services;

o. all other pecuniary damages as may be supplemented;

p. exemplary damages;

q. costs of court;

r. pre-judgment interest;

s. post-judgment interest; and

t. all other miscellaneous damages as may be supplemented.

## VII. EXEMPLARY DAMAGES

49. Plaintiff hereby fully incorporates Paragraph 46 by reference as if fully stated herein.

## VIII. JURY DEMAND

50. Plaintiff hereby demand a trial by jury and the appropriate fees has been tendered.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant answers the allegations herein, and upon trial thereof, Plaintiff has and recovers judgment against Defendant for all damages and injuries suffered and incurred, for pre-judgment interest, for interest on the judgment, for court costs, and for all other such relief, both in law and in equity, to which the Honorable Court establishes Plaintiff is justly entitled.

Respectfully submitted,

**ROBERTS MARKLAND LLP**

By: */s/ Noah M. Horwitz*
Sean A. Roberts
Texas Bar No. 00797328
Fed. Bar ID No. 21877
Rob O. Cantu
Texas Bar No. 24094580
Fed. Bar ID No. 3180919
Noah M. Horwitz
Texas Bar No. 24116537
Fed. Bar ID No. 3514879
2555 N. MacGregor Way
Houston, Texas 77004
Telephone (713) 630-0900
Facsimile (713) 630-0991
Email: sr@robertsmarkland.com
Email: rc@robertsmarkland.com
Email: nh@robertsmarkland.com
Email: eservice@robertsmarkland.com

**Attorneys for Plaintiff**